# Law Office of Roosevelt N. Nesmith, LLC

363 Bloomfield Avenue, Ste. 2C
Montclair, New Jersey 07042
*roosevelt@nesmithlaw.com*
(T)(973) 259-6990                    (F) (866) 848-1368

*Admitted in NJ & NY*


December 8, 2022

<u>*Via ECF*</u>
Clerk of the Court
United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:  *Calabrese v. Uber Technologies, Inc. et al.*
<u>Appeal No. 21-3363</u>

Dear Reader:

Pursuant to FRAP 28(j), the *Calabrese* Plaintiffs submit this response to Uber's supplemental authority regarding the First Circuit's decision in *Immediato v. Postmates, Inc.*, No. 22-1015, 2022 U.S. App. LEXIS 32848 (1st Cir, Nov. 29, 2022), which addressed application of FAA §1 to intrastate delivery couriers of take-out meals and groceries. (ECF 70) The *Immediato* decision is inapposite as interstate delivery of goods or people was not at issue. However, the decision's reliance on *Wallace v. GrubHub*, 970 F.3d 798 (7th Cir. 2020*),* further incorporates the Seventh Circuit's decision in *Wallace,* which cites *Kienstra,* 702 F.3d 954 (7th Cir. 2012), which in turn incorporated *Central Cartage*, 84 F.3d 988 (7th Cir. 1996), the latter two of which held there is no *de minimis* threshold of interstate travel under §1, into the body of relevant case law.

In *Immediato,* the First Circuit also abandoned its use of *ejusdem generis* to construe §1 from *Cunningham v. Lyft,* 17 F. 4th 244, at 253 (1st Cir. 2021).  Rather than cite to *Cunningham* to support use of the maxim*,* which dealt with §1 and rideshare drivers, the decision cited to its use of the maxim in a preemption case. *See Immediato,* at \*\*14-15 (citing *Me. Forest Prods. Council v. Cormier,* 51 F. 4th 1, 10-11 (1st Cir. 2022)).

The First Circuit implicitly retreated from *Cunningham* as it conflicts *Southwest Airlines v. Saxon,* 142 S. Ct. 1783 (2022) which held any attribute inferred from  "seamen" and "railroad employees" must inhere to both terms.  *Id.* at 1792.  *Saxon* found that "seamen," unlike "railroad employees," did not cross state borders, but rather, were "only those whose occupation was to assist in the management of ships at sea[.]" *Id.* at 1791.  Thus, under *Saxon,* a threshold of interstate travel cannot be "based on an attribute that inheres in only one of the list's preceding specific terms." *See Id* at 1792.

December 8, 2022
Page 2

  The *Immediato* decision recognizes *Cunningham* cannot withstand *Saxon*. The Court should apply the Seventh Circuit's holdings decisions in *Wallace, Kienstra and Central Cartage* to hold that Uber drivers are "engaged in interstate commerce" within the meaning of FAA §1.

                Respectfully submitted,

                s/<u>Roosevelt N. Nesmith</u>
                Roosevelt N. Nesmith, Esq.

                Counsel for the
                *Calabrese* Plaintiff-Appellants

cc: All Counsel of Record (*via ECF*)